1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2023

SEAN F. McAVOY, CLERK

4

5       UNITED STATES DISTRICT COURT

6       EASTERN DISTRICT OF WASHINGTON

7   ELIZABET V.,

8                            Plaintiff,

9       v.

10  COMMISSIONER OF SOCIAL
    SECURITY,

11                           Defendant.

12

NO:  1:22-CV-3059-RMP

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR
CALCULATION OF BENEFITS

13      BEFORE THE COURT, without oral argument, are cross-motions for

14  summary judgment from Plaintiff Elizabet V.[1], ECF No. 12, and Defendant the

15  Commissioner of Social Security (the "Commissioner"), ECF No. 13.  Plaintiff

16  seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of the

17  Commissioner's denial of her claims for Social Security Income ("SSI") under Title

18

19

20  [1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
    name and last initial.

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR CALCULATION OF BENEFITS ~ 1

1  XVI and Disability Insurance Benefits ("DIB") under Title II, respectively, of the

2  Social Security Act (the "Act").  *See* ECF No. 12 at 2.

3       Having considered the parties' motions, the administrative record, and the

4  applicable law, the Court is fully informed.  For the reasons set forth below, the

5  Court grants Plaintiff's Motion for Summary Judgment, denies summary judgment

6  to the Commissioner, and remands for calculation of benefits.

7                              **BACKGROUND**

8  ***General Context***

9       Plaintiff filed for disability benefits on approximately December 2, 2015,

10  alleging an onset date on March 17, 2015.  Administrative Record ("AR")[2] 229.

11  Plaintiff's date last insured was March 31, 2017.  AR 262.  Plaintiff was 38 years old

12  on the alleged disability onset date and asserted that she was unable to work due

13  primarily to lumbar degenerative disc disease and mental health issues including

14  anxiety and depression.  AR 262.  Plaintiff alleged that she stopped working in 2012

15  when a job ended, but by March 17, 2015, her conditions inhibited her from

16  returning to work.  *See* AR 251–52.  Plaintiff's application was denied initially, upon

17  reconsideration, and following an unfavorable decision by an Administrative Law

18  Judge ("ALJ") in April 2018.  *See* AR 15–17.  Plaintiff sought review in this

19

20  _____

   [2] The Administrative Record is filed at ECF No. 8.

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR CALCULATION OF BENEFITS ~ 2

District, and, on February 17, 2021, United States District Judge Robert H. Whaley granted Plaintiff's Motion for Summary Judgment and remanded the matter to the Commissioner for a new hearing. AR 1075–91. Judge Whaley found that the ALJ who heard Plaintiff's claims failed to discuss evidence in the record that could show that Plaintiff meets or equals listing 1.04A concerning disorders of the spine and did not provide a specific, clear, or convincing reason for rejecting Plaintiff's subjective symptom testimony. AR 1082–88. Judge Whaley directed that, on remand, an ALJ must consider whether Plaintiff meets or equals listing 1.04A, and must reevaluate Plaintiff's statements, the medical opinions in the record, and a lay statement from Plaintiff's mother. AR 1090.

On January 13, 2022, Plaintiff appeared for a hearing on remand that was hosted via teleconference by ALJ Glenn Meyers. AR 1002–04. Plaintiff was represented by Robert Tree. AR 1005. The ALJ heard from Plaintiff and from vocational expert Robert Simmons. AR 1004–29. ALJ Meyers issued an unfavorable decision on February 2, 2022. AR 928–49.

***ALJ's Decision***

Applying the five-step evaluation process, ALJ Meyers found:

**Step one:** Plaintiff last met the insured status requirements of the Act on March 31, 2017. AR 931. Plaintiff has not engaged in substantial gainful activity since her alleged onset day of March 17, 2015. AR 931.

**Step two:** Plaintiff has the following severe impairments that are medically determinable and significantly limit her ability to perform basic work activities: obesity, diabetes mellitus with neuropathy, lumbar degenerative disc disease status-post surgery, depressive disorder, anxiety disorder, borderline intellectual functioning, post-traumatic stress disorder ("PTSD"), and personality disorder, pursuant to 20 C.F.R. §§ 404.1520(c) and 416.920(c)).  AR 931.  The ALJ further found cellulitis to be a non-severe impairment because "there is no indication that the condition resulted in more than mild functional limitations for the 12-month duration required by the regulations[.]"  AR 931.  The ALJ found that the record did not support finding ADHD to be a medically-determinable severe impairment.  AR 931.

**Step three:** The ALJ recited that he reconsidered the medical evidence in light of the requirements for the listing related to spinal impairments, which was listing 1.04A at the time of the District Court order, but had changed to listings 1.15 and 1.16 by the time of the ALJ's 2022 decision.  AR 931, n. 1.  The ALJ found that that Plaintiff's physical impairments do not meet, or medically equal, listings 1.15 for disorders of the skeletal spine resulting in compromise of a nerve root, 1.16 for lumbar spinal stenosis resulting in compromise of the cauda equina.  AR 931.  The ALJ reasoned that Plaintiff's record does not document a medical need for a walker, bilateral canes, bilateral crutches, or a wheeled mobility device involving the use of

both hands; does not show an inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements; does not document a need for a one-handed handheld assistive device that requires the use of the other upper extremity, or a wheeled and seated mobility device involving the use of one hand; does not show an inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements; and does not document, through imaging, a compromised nerve root or cauda equina. AR 931–32. The ALJ added that the record "has consistently noted adequate gait without the use of a hand-held device or medically documented need for any assistive device." AR 932 (citing AR 572–79, 680–83, 912–24, 1845–53, and 1854–62).

With respect to Plaintiff's mental impairments, the ALJ considered listings 12.04 for depressive, bipolar, and related disorders; 12.05 for mental retardation; 12.06 for anxiety and obsessive-compulsive disorders; 12.08 for personality disorders; and 12.15 for trauma- and stressor-related disorders. AR 932. The ALJ considered whether Plaintiff's impairments satisfy the "paragraph B" criteria, requiring at least one extreme or two marked limitations in four broad areas of functioning. The ALJ found Plaintiff only moderately limited in understanding, remembering, or applying information; interacting with others; concentrating,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR CALCULATION OF BENEFITS ~ 5

persisting, or maintaining pace; and adapting or managing oneself.  AR 932–33.

Therefore, the ALJ found that the "paragraph B" criteria were not satisfied and

further found that the "paragraph C" criteria are "not present in this case."  AR 933.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff,

through the date last insured, had the RFC to perform light work, as defined in 20

C.F.R. §§ 404.1567(b) and 416.967(b), with the following restrictions:

> she can occasionally stoop and balance; cannot crouch, crawl, kneel, or
> climb ramps, stairs, ladders, ropes, or scaffolds; cannot ambulate across
> uneven surfaces; will be provided with a sit/stand at will option in the
> workplace; and cannot work at heights or in proximity to hazardous
> conditions. The claimant is able to remember, understand, and carry out
> simple and routine instructions and tasks consistent with the learning
> and training requirements of SVP level one and two jobs; can have no
> contact with the public; is capable of working in proximity to but not in
> coordination with coworkers; and can have occasional contact with
> supervisors.

AR 933.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's statements

concerning the intensity, persistence, and limiting effects of her alleged symptoms

"are not entirely consistent with the medical evidence and other evidence in the

record for the reasons explained in this decision."  AR 935.

**Step four:** The ALJ found that Plaintiff is unable to perform any past relevant

work.  AR 947 (citing 20 C.F.R. §§ 404.1565 and 416.965).

**Step five:** The ALJ found that Plaintiff has a limited education; was 38 years

old, which is defined as a younger individual (age 18-49), on the alleged disability

onset date; and that transferability of job skills is not material to the determination of

disability because Plaintiff is "not disabled" under the Medical-Vocational Rules,

whether or not Plaintiff has transferable job skills.  AR 948 (citing 20 C.F.R. §§

404.1569 and 404.1569(a)).  The ALJ found that given Plaintiff's age, education,

work experience, and RFC, Plaintiff can make a successful adjustment to other work

that exists in significant numbers in the national economy.  AR 948.  Specifically,

the ALJ recounted that the VE identified the following representative occupations

that Plaintiff could perform with the RFC: Office Helper (light, unskilled, with

around 75,000 jobs nationally); Labeler (light, unskilled work, with around 36,000

jobs nationally); and Collator Operator (light, unskilled work with around 30,000

jobs nationally).  AR 948–49.  The ALJ concluded that Plaintiff had not been

disabled within the meaning of the Act at from the alleged onset date of March 17,

2015, through the date of the decision.  AR 949.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the

Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the

Commissioner's denial of benefits only if the ALJ's determination was based on

legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

/ / /

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR CALCULATION OF BENEFITS ~ 8

***Definition of Disability***

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

***Sequential Evaluation Process***

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 416.920, 404.1520. Step one determines if she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically

severe impairment or combination of impairments.  20 C.F.R. §§ 416.920(a)(4)(ii),

404.1520(a)(4)(ii).  If the claimant does not have a severe impairment or

combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which

compares the claimant's impairment with listed impairments acknowledged by the

Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §§

416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If

the impairment meets or equals one of the listed impairments, the claimant is

conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work that she has performed in the past.  If

the claimant can perform her previous work, the claimant is not disabled.  20 C.F.R.

§§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC

assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process

determines whether the claimant is able to perform other work in the national

economy considering her residual functional capacity and age, education, and past

work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v.

Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1.     Did the ALJ erroneously reject Plaintiff's subjective complaints?
2.     Did the ALJ erroneously evaluate the medical opinion evidence?

### *Subjective Symptom Testimony*

Plaintiff argues that "much of Tr. 935-40 consists of a recitation of some objective evidence with occasional notations of 'normal findings.'" ECF No. 12 at 3 (AR 21–22). Plaintiff acknowledges that the ALJ amended the treatment of Plaintiff's subjective statements from the previous, reversed decision, but adds that merely summarizing consultative exam findings repeats the error recognized by this Court in the first appeal that "a generic non-credibility finding followed by a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR CALCULATION OF BENEFITS ~ 11

summary of the medical evidence" does not meet the Ninth Circuit's specific, clear, and convincing standard. *Id.* (citing AR 1085–86). Plaintiff further argues that the ALJ could not legally rely solely on a disparity between the severity of Plaintiff's subjective reports and the objective physical evidence. *Id.* at 4 (citing *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001)). Plaintiff adds that this Court found in the previous appeal that the record contained "evidence of motor loss, sensory loss, reflex loss, positive straight leg raise tests, reduced range of motion, impaired gait, reduced lower extremity strength, abnormal reflexes, and paresthesia to light touch." *Id.* (citing AR 1083). Plaintiff maintains that the updated record shows that Plaintiff has: "a shuffling gait, impaired gait/station, reduced strength, inability to tandem walk, positive facet loading, positive SLR tests, asymmetric reflexes, impaired sensation, limited spinal [range of motion], and back tenderness." *Id.* (citing AR 1495, 1509, 1524, 1545, 1555, 1572, 1766, 1778, 1846, and 1860–61). Plaintiff continues that, contrary to the ALJ's reasoning that "the records 'indicate improvement with conservative treatment,'" Plaintiff's treatment record instead illustrates that, from 2015 through October 2021, Plaintiff's "back pain persisted from the first recorded visits and despite many attempts at treatment." *Id.* at 6–7 (citing AR 348, 358, 373, 470, 492, 578, 583, 692, 747, 779, 790, 792, 912–13, 921, 937, 1572, 1576, 1637, 1757–58, 1760–61, 1763–64, 1767, 1772, 1775, 1778–79, 1846–47, 1857–58, 1902, 2028, 2077, 2069, 2097, 2261–665, 2286).

Likewise, Plaintiff contends that the ALJ's finding of unremarkable and modest mental status examination findings is not well-supported and "[t]he severity of objective findings is not sufficient reasoning on its own." *Id.* at 8 (citing *Rollins*, 261 F.3d at 856–57).

Next, Plaintiff argues that the ALJ erred in discounting Plaintiff's testimony on the basis that her "diabetes had variable control and some noncompliance" because the ALJ did not determine that Plaintiff could return to work if she followed all prescribed treatment. *Id.* at 7 (citing *Byrnes v. Shalala*, 60 F.3d 639, 641 (9th Cir. 1995)). Lastly, Plaintiff argues that the ALJ repeated the error of the first ALJ decision in this matter when he found that Plaintiff's activities were not inconsistent with Plaintiff's RFC. ECF Nos. 12 at 9–10; 14 at 4.

The Commissioner responds that the ALJ satisfied the "specific, clear and convincing reasons" standard in discounting Plaintiff's statements. ECF No. 13 at 2–3. The Commissioner maintains that the ALJ "thoroughly discussed [Plaintiff's] subjective self-reports and the medical evidence showing Plaintiff's physical condition was not a [sic] bad as alleged." *Id.* at 3 (citing AR 935–42). The Commissioner argues that Plaintiff testified that her back issues resulted in balance problems and an ability to walk and stand for only approximately a half hour to one hour, but that testimony is undermined by records showing Plaintiff "frequently showed normal balance, normal gait, normal station, normal heel and toe walk, and

normal tandem walk" as well as "normal strength, normal muscle tone, and normal sensation." *Id.* (citing AR 392, 424, 494, 434–35, 476, 480, 494–95, 499–500, 503, 509, 533, 544, 551, 584, 638, 665, 681, 782, 785, 816, 826, 1562, 1750, 1784, 1860, 1895).  With respect to Plaintiff's alleged mental symptoms, the Commissioner argues that Plaintiff's claims of disabling depression, anxiety attacks, issues being around people, and trouble concentrating were undermined by mental status examinations showing "some signs of anxiety and depression at times, but at other times, presented with normal mood and affect, or even bright mood and congruent affect." *Id.* at 3–4 (citing AR 424, 449, 451, 452, 531, 536, 601, 605, 834, 842, 852, 857, 897, 1501, 1518, 1548, 1552, 1619, 1724, 2067, 2069, 2071, 2075, 2077, 2273, 2281).  The Commissioner also maintains that substantial evidence supports that Plaintiff's attention and concentration "was usually fair or intact on examination." *Id.* at 4 (citing AR 476, 509, 528, 533, 545, 552, 557, 592, 610, 661, 816, 821, 826, 831, 839, 844, 849, 854, 859, 863, 868, 873, 878, 884, 888, 901, 1508, 1523, 1555, 1977, 2022).

The Commissioner continues by asserting that the ALJ's decision did not suffer the same deficiencies as the prior, reversed decision because, on remand, the ALJ provided specific analysis regarding how the objective medical evidence undermines Plaintiff's subjective statements.  ECF No. 13 at 4–5.  Specifically, the Commissioner argues that the ALJ provided sufficient analysis by writing: (1) "The

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR CALCULATION OF BENEFITS ~ 14

modest objective examination findings documented in the record are not consistent

with significant restrictions regarding the ability to lift, carry, sit, stand, or walk,"

AR 936; and (2) "Treatment records reflect improvement and modest mental status

examination findings that are not consistent with allegations of debilitating mental

health impairments," AR 941. *Id.* at 5.

Plaintiff argues on reply that the Commissioner did not defend any of the

ALJ's specific conclusions with respect to Plaintiff's activities except for the fact

that Plaintiff cared for her granddaughter. ECF No. 14 at 4. Plaintiff counters that

the ALJ's reasoning regarding the childcare that Plaintiff has provided is

unsustainable because the Commissioner does not articulate how the childcare tasks

that Plaintiff actually performed contradict her claims. *Id.* Plaintiff argues that the

record cited by the Commissioner shows only that Plaintiff "watched a 3-year-old

Monday through Friday every other week as of August 2020," without detailing the

activities required in the babysitting, and cites unpublished caselaw to argue,

generally, that childcare can be exhausting. *Id.* at 5 (citing AR 2089; ECF No. 13 at

7). Plaintiff proffers that even assuming Plaintiff babysat her grandchild full-time

every other week, "this would only take up about 10 days per month, leaving 20

other days in an average month during which [Plaintiff] could be lying in bed—fully

consistent with allegations she did not want to get out of bed about 15 days per

month." *Id.* at 5.

The law of the case doctrine applies in a Social Security context and generally prohibits a court "from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). However, the Ninth Circuit has determined that the doctrine "should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Id*. Application of the law of the case doctrine is at the Court's discretion. *Id*.

In reviewing the initial ALJ decision regarding Plaintiff's claims, Judge Whaley found that the ALJ's partial reliance on the medical evidence to discount Plaintiff's subjective statements was in error. AR 995. Judge Whaley held that the first ALJ merely summarized the evidence and did not explain how the medical evidence undermined Plaintiff's statements. AR 995. In the decision on remand, Judge Meyers summarized the medical evidence in the amended record and concluded that: (1) "The modest objective examination findings documented in the record are not consistent with significant restrictions regarding the ability to lift, carry, sit, stand, or walk," AR 936; and (2) "Treatment records reflect improvement and modest mental status examination findings that are not consistent with allegations of debilitating mental health impairments," AR 941. As Judge Meyers went beyond summarizing the medical evidence, there is no error on law of the case grounds.

1      Next, because Plaintiff "presented objective medical evidence of an

2  underlying impairment [that] could reasonably be expected to produce the pain or

3  other symptoms alleged," the ALJ could reject her "testimony about the severity of

4  her symptoms only by offering specific, clear[,] and convincing reasons for doing

5  so." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (internal quotation

6  omitted); *see* AR 931.  The ALJ reasoned that Plaintiff's symptoms were not

7  remarkable and that her treatment was conservative.  *See* AR 936–37 (finding that

8  Plaintiff's spinal condition improved with conservative treatment by the time of the

9  hearing); 941 (finding that Plaintiff's mental health treatment records "reflect

10  improvement and modest mental status examination findings that are not consistent

11  with allegations of debilitating mental health impairments").  The Court does not

12  find that the record provides substantial support for the ALJ's interpretation of

13  Plaintiff's treatment history and her physical and mental impairments.

14      For instance, the ALJ reasoned that, in the months before the hearing, Plaintiff

15  was treating her back pain with over-the-counter medications.  AR 936–37.

16  However, the treatment records cited by the ALJ indicate that Plaintiff reported

17  chronic low back pain, as well as an inability to get relief from the pain through

18  physical therapy, prescription pain medications, and injections.  AR 2261–62, 2284–

19  85.  Plaintiff reported a pain level of "8/10" in March 2021, and in October 2021,

20  Plaintiff's primary care provider advised Plaintiff that she could combine ibuprofen

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR CALCULATION OF BENEFITS ~ 17

with Tylenol "if needed" and prescribed a topical lidocaine patch.  AR 2137, 2286.
The Court finds no support for the ALJ's conclusion that these records indicate that
Plaintiff's back pain improved to the point of being less-than-disabling with
conservative treatment.

Similarly, the ALJ discounts Plaintiff's testimony regarding the debilitating
effect of her depression and anxiety because Plaintiff presented as alert, clean,
cooperative, with normal speech, and moderate eye contact and sometimes reported
improvement or declined additional medications.  AR 939.  However, even while
taking medications and pursuing treatment, Plaintiff presented throughout the
relevant timeframe with reports and symptoms of depression and anxiety.  AR 476–
77; 843–44, 847; 1953–57, 2189–90.  Indeed, Plaintiff's treatment providers did not
view Plaintiff's presentation as clean, neat, coherent, and alert, often alongside
presenting with a depressed affect, as indicative of her depression or anxiety being
well controlled.  *See* AR 476–77 (increasing Plaintiff's medications despite her
presentation as neat, alert, cooperative, and oriented); 533–34 (adding and
modifying medication at appointment where Plaintiff appeared cooperative,
oriented, and attentive); 847.  The Ninth Circuit has recognized the tendency of
mental health disorders to present episodically and has cautioned against singling
out isolated instances of improvement or wellbeing as an indication that a claimant
could function effectively in a workplace.  *Garrison v. Colvin*, 759 F.3d 995, 1017

1    (9th Cir. 2014).  Rather, mental health allegations must be viewed in the context of

2    the complete diagnostic picture presented.  *Ghanim v. Colvin*, 763 F.3d 1154, 1164

3    (9th Cir. 2014).  The ALJ's focus on Plaintiff's partially unremarkable presentation

4    on mental status examinations ignored other observations of Plaintiff's presentation,

5    serious mental symptoms, and significant treatment, even within the same records

6    that the ALJ cited.  The ALJ's finding that Plaintiff's symptoms were unremarkable

7    and her treatment conservative fails as a specific, clear, and convincing reason.

8         The ALJ also reasoned that Plaintiff's daily activities are at odds with her

9    statements, but this reason does not render the ALJ's other error harmless.  *See* AR

10   942.  The ALJ noted that Plaintiff testified that she has good and bad days in terms

11   of her physical condition and must sit or lie down, take a hot bath, move around, and

12   use a lidocaine patch on bad days for her back pain.  AR 934.  The ALJ also noted

13   that Plaintiff testified that she struggles to get out of bed due to her depression

14   approximately fifteen days per month.  AR 934.  The ALJ found that Plaintiff's

15   ability to care for her granddaughter, prepare meals, clean up around the house, and

16   occasionally attend a bible study group undermined her disabling testimony.  AR

17   942.  However, Plaintiff testified that her adolescent daughter and/or Plaintiff's

18   mother were available to help while Plaintiff cared for her granddaughter, which the

19   ALJ did not note.  AR 942, 1011.  Furthermore, by the time of the hearing Plaintiff

20

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR CALCULATION OF BENEFITS ~ 19

testified that she was babysitting her granddaughter for fewer than six hours in a week.  AR 1012.

It is well established that "the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  "Only if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility."  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted).  The ALJ's reliance on Plaintiff's daily activities is not supported by substantial evidence, and the Court does not find Plaintiff's description of her activities to be inconsistent with her subjective symptom complaints.  The activities highlighted by the ALJ do not indicate an ability to perform competitive work on a sustained basis.

Having found harmful error in the ALJ's assessment of Plaintiff's subjective symptom testimony, the Court need not resolve the remaining allegation of error.

**Type of Remand**

Plaintiff asks the Court to remand her claim for a benefits award.  ECF No. 14 at 10–11.  The Court may remand a case "either for additional evidence and findings or to award benefits."  *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  When

the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Nonetheless, the Ninth Circuit has endorsed an award for benefits where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined that the ALJ committed harmful error in his evaluation of Plaintiff's subjective symptom testimony. Plaintiff's claim has been pending since 2015 and has twice been heard by an ALJ. If fully credited, the testimony from Plaintiff that the ALJ testimony rejected on remand is disabling. The Commissioner has not identified any outstanding issues that must be resolved. *See* ECF No. 13 at 21. Therefore, a remand for calculation of benefits is warranted.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ did not provide legally sufficient reasons for discounting Plaintiff's subjective complaints. In addition, the Court finds that further administrative proceedings have not been shown to be necessary. Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

2.   Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

3.   The decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and payment of benefits.

4.   Judgment shall be entered for Plaintiff.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** March 30, 2023.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR CALCULATION OF BENEFITS ~ 22